IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ex rel. MARY HENDOW and JULIE ALBERTSON,

Plaintiffs,

v.

UNIVERSITY OF PHOENIX,

Defendant.

2:03-cv-457-GEB-DAD

ORDER

Defendant University of Phoenix ("UOP") moves for dismissal of Plaintiffs' ("Relators") action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that UOP "is no longer a proper defendant in this False Claims Act ("FCA") case."[1] (Def.'s Mot. at 1:3-4.) The Relators oppose this motion. In addition, the United States filed a statement of interest opposing UOP's motion. Oral argument on the motion was heard on June 25, 2007.

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

DISCUSSION

I. Standard

Rule 12(b)(1) allows a party to seek dismissal of a claim for lack of subject matter jurisdiction. "If [a] controversy is moot . . . the trial . . . court[] lack[s] subject matter jurisdiction." Felster Publ'g v. Burrell, 415 F.3d 994, 998 (9th Cir. 2005). A complete settlement of the underlying claims renders an action moot. See Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp., 893 F.2d 1109, 1112 (9th Cir. 1990).

"[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989). "With a [Rule] 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005). "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

II. Analysis

UOP contends:

> While this case was on appeal from the Court's order dismissing Relators' Second Amended Complaint, the Government administratively pursued and settled the allegations asserted in this qui tam action against UOP for $9.8 million. The Government therefore pursued an "alternate remedy" to this action within the meaning of the FCA, 31 U.S.C. § 3730(c)(5). Consequently, the Government's claims against UOP are now barred as moot, and Relators no longer have standing to assert claims against UOP on the Government's behalf. All that remains is for a court to

> determine how much, if any, Relators are entitled to of the $9.8 million that UOP has already paid to the Government as a result of Relators' allegations.

(Def.'s Mot. at 1:4-11.) The Relators, and the United States, counter that the subject Settlement Agreement negotiated between UOP and the Department of Education ("DOE") in the Fall of 2004 does not moot this action since the Settlement Agreement "explicitly stated that the Settlement would not encompass or resolve UOP's potential [FCA] liability." (Relators' ("Rels.'") Opp'n at 1:3-4; Gov.'s Statement at 1:9-12.) The Settlement Agreement stated:

> [DOE] does not have the authority to, and this Agreement does not, waive, compromise, restrict or settle any past, present or future violations by UOP, its trustees, officers or employees of the criminal laws of the United States or any action initiated against UOP, its trustees, officers or employees for civil fraud against the United States under 31 U.S.C. §§ 3729-33 [the FCA].

(Rels.' Opp'n at 1:8-12.) The Relators and the United States further contend the Settlement Agreement cannot constitute an election of an alternate remedy within the meaning of the FCA because the FCA "commits exclusive authority to settle claims . . . to the Attorney General" and it was entered into "without the knowledge of the Attorney General." (Gov.'s Statement of Interest at 7:2-3; Rels.' Opp'n at 13:28-14:3.)

Since the Settlement Agreement did not constitute an "election" of an "alternate remedy" by the "Government" within the

///

///

///

///

meaning of the FCA, the Relators' action is not moot. Accordingly, UOP's motion is denied.

IT IS SO ORDERED.

Dated: August 17, 2007

GARLAND E. BURRELL, JR.
United States District Judge