IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
ex rel. MARY HENDOW and
JULIE ALBERTSON,

        Plaintiffs,                    No. CIV S-03-0457 GEB DAD

        v.

UNIVERSITY OF PHOENIX,          <u>ORDER</u>

        Defendant.
_____/

        Before the court is defendant's motion for entry of a protective order regarding privileged, confidential, and highly confidential information.[1] Defendant wishes to protect private information included in the documents previously produced in the securities case pending in another court,[2] and the parties wish to protect other confidential information and establish mechanisms for avoiding a waiver of privilege or any other applicable protective evidentiary doctrine as a result of inadvertent disclosures. Defendant has submitted a proposed protective

---

[1] On this same date the court has entered orders pursuant to the parties' stipulations regarding the production of documents from a securities case and regarding the hearing schedule on defendant's motion for entry of a protective order.

[2] The documents include personnel files of current and former employees.

1

order that addresses protection of privileged information, designation of confidential information, permissible disclosures of such information, a procedure for objecting to the designation of information as confidential, confidential information in depositions, confidential information at trial, designation of highly confidential information, protected student information, inadvertent disclosure, and subpoena by court or agency.  The proposed order requires that all confidential or highly confidential information be filed under seal and remain under seal unless a party files a motion requesting that the seal be lifted.  Pursuant to the proposed order, all provisions will continue to be binding after the conclusion of this action, and the parties must follow specific procedures for disposing of confidential and highly confidential information.  Defendant's motion is set for hearing on the court's November 9, 2007 law and motion calendar.  However, the parties have filed a stipulation and proposed order taking defendant's motion off calendar and providing that the motion be decided by the court at its earliest convenience in light of plaintiffs' non-opposition to it.  The court has signed the order adopting that stipulation.

All documents filed with the court are presumptively public.[3]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

/////

---

[3]  A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211.

Stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, (2) show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties,[4] and (3) describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information.

---

[4] See Fed. R. Civ. 26(c) (providing that a motion for protective order must include certification that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action").

See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"). The court will not enter a discovery order or protective order that enables the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. Nor will the court approve an order giving blanket authority to the parties to designate what will be filed under seal.

The protective order proposed by the parties contains a single provision concerning documents to be filed with the court, and that provision would give the parties blanket authority to designate what documents are to be filed under seal.[5] The court will not sign the parties' proposed protective order regarding privileged, confidential, and highly confidential information. In addition, the court is concerned that the redaction provision in the proposed protective order with respect to information deemed highly confidential by the parties (¶ 20(I)) may be overly broad and require a procedure for seeking authorization to redact at least some of the information referred to or a further explanation as to the appropriateness of the provision as stipulated to by the parties. Therefore, the parties' request for a protective order regarding privileged, confidential, and highly confidential information will be denied without prejudice to a subsequent request that make the required showings.

---

[5] The proposed protective order provides as follows under the heading "Filing":

> "Confidential or Highly Confidential Information, when filed with the Court, shall be filed under seal. Documents filed under seal in this manner will remain under seal, unless, within 30 days of the filing under seal, the party objecting to the documents being filed under seal files a motion requesting that the Court lift the seal. Any party or intervenor opposing that request shall have 5 days to respond in writing. When this procedure is invoked, the seal will not be lifted until further order of the Court."

(Def't's Proposed Protective Order Regarding Privileged, Confidential, and Highly Confidential Information, filed Oct. 5, 2007 (Doc. #111), ¶ 26.)

Accordingly, IT IS ORDERED that defendant's October 5, 2007 motion for entry of a protective order (#108) is denied without prejudice.

DATED: November 7, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\hendow0457.mpo.ord