1  TIMOTHY J. HATCH, SBN 165369
   thatch@gibsondunn.com
2  JAMES L. ZELENAY, JR., SBN 237339
   jzelenay@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
5  Facsimile: (213) 229-7520

6  JARED M. TOFFER, SBN 223139
   jtoffer@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
8  Irvine, California 92612-4412
   Telephone: (949) 451-3800
9  Facsimile: (949) 451-4220

10 CHRISTY JOSEPH, SBN 136785                CHARLES J. STEVENS, SBN 106981
   cjoseph@swlaw.com                          cjs@stevensandoconnell.com
11 SNELL & WILMER LLP                         BRADLEY A. BENBROOK, SBN 177786
   600 Anton Boulevard, Suite 1400            bab@stevensandoconnell.com
12 Costa Mesa, California 92626-7689          STEVENS & O'CONNELL LLP
   Telephone: (714) 427-7000                  400 Capital Mall, Suite 1400
13 Facsimile: (714) 427-7799                  Sacramento, CA 95814-4412
                                              Telephone: (916) 329-9111
14                                            Facsimile: (916) 329-9110

15 Attorneys for Defendant,
   UNIVERSITY OF PHOENIX

16                     UNITED STATES DISTRICT COURT

17                    EASTERN DISTRICT OF CALIFORNIA

18 | UNITED STATES OF AMERICA, ex rel.   | CASE NO. CV-03-0457 GEB DAD
   | MARY HENDOW and JULIE
19 | ALBERTSON,                          | **STIPULATION AND ORDER**
                                          | **REGARDING PRODUCTION OF**
20 |         Plaintiff,                   | **DOCUMENTS FROM SECURITIES CASE**

21 |     v.

22 | UNIVERSITY OF PHOENIX,

23 |         Defendant.

24

25      Defendant University of Phoenix ("UOP") and Relators Mary Hendow and Julie

26 Albertson, hereby submit this Stipulation Regarding Production of Documents From

27 Securities Case.

28

STIPULATION & ORDER                              1
Case No. CV 03-0457 GEB DAD

## RECITALS

WHEREAS, Defendant has received Relators First Request for Production of Documents dated August 24, 2007, which seeks: (1) all documents that were previously produced by Apollo Group, Inc. ("Apollo") to the plaintiff in the case *In re Apollo Securities Litigation*, CV-04-2147-PHX-JAT; (2) all documents Apollo has received from the Department of Education (the "Department") relating to the August 2003-2004 program review pursuant to a subpoena or FOIA request; and (3) all documents Apollo produced to the Department relating to the August 2003-2004 program review;

WHEREAS, Defendant has informed Relators' counsel that the materials produced in the securities case encompass the documents requested in Relators' second and third requests and, for purposes of this stipulation, the parties need only concern themselves with Relators' request for documents produced in the securities litigation;

WHEREAS, the production of documents in the securities case encompasses over 800,000 pages of documents, many of which Defendant believes are not relevant to the parties' claims and defenses in this action, including, for example, press releases, analyst reports, SEC filings, budgetary materials and many emails from custodians outside the enrollment chain;

WHEREAS, in the securities case Apollo waived attorney-client privilege with respect to communications between defendants and certain advisors relating to Apollo's response to, and the disclosure and accuracy of, the February 2004 program review report ("Advisor Documents");

WHEREAS, Defendant contends that many of the Advisor Documents are irrelevant to this case because they relate to the issue of disclosure of the program review report and the defendants' response to the Department;

WHEREAS, while some of the Advisor Documents do mention this *qui tam* litigation, Apollo only produced them to the extent they informed the defendants' state of mind in the securities litigation and Apollo has never intended to waive the attorney-client privilege or work product protections with respect to the *qui tam* action;

1  WHEREAS, Relators would like Defendant to produce all the documents produced in the securities litigation as soon as possible;

WHEREAS, it is Defendant's position that Relators are not entitled to wholesale production of the documents produced in the securities litigation and it would take Defendant a substantial amount of time to review the over 800,00 pages for relevancy and cull out those documents not relevant to the parties' claims or defenses in this action;

WHEREAS, on August 31, 2007, Defendant proposed, in an effort to avoid the expense and delay of reviewing the entire production from the securities case for relevancy and to expedite the production of this initial discovery, that it would produce all the documents from the securities litigation, regardless of relevancy, if Relators would agree to the following two conditions:

1. Defendant's production of the documents from the securities litigation will not be deemed an admission that any particular document is relevant to the claim or defense of any party; and

2. Relators will not use the production of the documents from the securities case to seek an expansion of the scope of waiver of the attorney-client privilege and/or the work product doctrine which was made in the securities case, and will not argue based on the production of these documents that the attorney-client privilege and/or work production protection has been waived with respect to other communications concerning this action; and

WHEREAS, on September 17, 2007, Relators indicated that they were agreeable to the aforementioned conditions proposed by Defendant;

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. Defendant has received the agreement of its parent, Apollo, to produce all the documents Apollo produced to the plaintiff in the case *In re Apollo Securities Litigation*, CV-04-2147-PHX-JAT upon the entry of this stipulation as an order and the entry of a stipulated protective order.

2.   Defendant's production of the documents from the securities litigation will not be deemed an admission that any particular document is relevant to the claim or defense of any party.

3.   Relators will not use the production of the documents from the securities case to seek an expansion of the scope of waiver of the attorney-client privilege and/or the work product doctrine which was made in the securities case, and will not argue based on the production of these documents that the attorney-client privilege and/or work production protection has been waived with respect to other communications concerning this action.

DATED: October 2, 2007                    Respectfully submitted,

                                          GIBSON, DUNN & CRUTCHER, LLP
                                          JARED M. TOFFER

                                          By:_____/s/ Jared M. Toffer_____
                                                    JARED M. TOFFER
                                          3161 Michelson Drive
                                          Irvine, California 92612-4412
                                          Telephone: (949) 451-3800
                                          Facsimile: (949) 451-4220

DATED: October 2, 2007

                                          LIEFF, CABRASER, HEIMANN &
                                          BERNSTEIN, LLP
                                          ROBERT J. NELSON
                                          DANIEL E. BARENBAUM

                                          By:_____/s/ Robert J. Nelson_____
                                                   ROBERT J. NELSON
                                          Embarcadero Center West
                                          275 Battery Street, 30th Floor
                                          San Francisco, CA 94111
                                          Telephone: (415) 956-1000
                                          Facsimile: (415) 956-0008

1  **O R D E R**

2  Pursuant to the above Stipulation, **IT IS SO ORDERED.**

3  DATED: November 7, 2007.

4

5  _____
   DALE A. DROZD
6  UNITED STATES MAGISTRATE JUDGE

7

8  Ddad1/orders.civil/USvPhoenix0457.stipord

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28