```
                  IN THE UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.  )  <br> MARY HENDOW and JULIE ALBERTSON, ) <br>                                   ) <br>                    Plaintiff,    ) <br>                                   ) <br>     v.                            ) <br>                                   ) <br> UNIVERSITY OF PHOENIX,             ) <br>                                   ) <br>                    Defendant.    ) <br> _____) | 2:03-CV-0457-GEB-DAD <br><br><br><br> ORDER* |

Leeland O. White ("White") moves for reconsideration of an order filed December 7, 2007, which denied White's motion to intervene in this False Claims Act qui tam action. Under Federal Rule of Civil Procedure 59(e), a court should grant reconsideration of an order if, inter alia, the court committed clear error. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (construing Rule 59(e)). White argues that clear error was committed in the December 7 order since White was the "first to file" a qui tam action against

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Defendant, and other courts have held that the "first to file" rule has no exceptions. (White's Mot. for Recons. at 1-3.)

The December 7 order denied White's motion to intervene since only "the Government" may intervene in qui tam actions. See 31 U.S.C. § 3730(b)(5). Further, as a pro se litigant White is barred from prosecuting a qui tam action as a relator. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (holding that "a pro se relator cannot prosecute a qui tam action on behalf of the United States"); United States ex rel. White v. The Apollo Group, Inc., 2006 WL 487853 at *2 (W.D. Tex. Jan. 6, 2006) (dismissing a qui tam action filed by White since White "is unable to prosecute a [False Claims Act] claim pro se"). Moreover, White has not shown that he was the "first to file" since he has not shown that the fraud he alleged in the action he filed against Defendant in 2002, concerned the same "facts underlying the pending action," and the action White filed in 2005 was filed after Relators filed the pending action. See 31 U.S.C. § 3730(b)(5).

Since White has failed to demonstrate ground for reconsideration, White's motion for reconsideration is denied and the hearing on this matter scheduled for April 7, 2008, is vacated. No further motions seeking reconsideration of the denial of White's motion to intervene will be considered. The parties are relieved of

///
///
///
///
///

1  any obligation to respond to any motion filed by White in this matter,
2  unless ordered to do so by the undersigned judge.
3          IT IS SO ORDERED.
4  Dated:  January 3, 2008
5
6          _____
           GARLAND E. BURRELL, JR.
7          United States District Judge