IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA, ex rel.  )
MARY HENDOW and JULIE ALBERTSON,    )    2:03-cv-0457-GEB-DAD
                                    )
              Plaintiff,            )
                                    )
     v.                             )    ORDER*
                                    )
UNIVERSITY OF PHOENIX,              )
                                    )
              Defendant.            )
_____)
```

Defendant moves to have language included in the Order filed August 17, 2007 ("Order") which would authorize Defendant to pursue an interlocutory appeal of that Order in this qui tam action. The Relators oppose the motion.

An order may be certified for interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1        Defendant argues the Order conflicts with the Ninth
2   Circuit's decision in <u>United States ex rel. Barajas v. United States</u>,
3   258 F.3d 1004 (9th Cir. 2001), and the Sixth Circuit's decision in
4   <u>United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.</u>, 342 F.3d 634
5   (6th Cir. 2003).  The Order states in pertinent part:  "Since the
6   [settlement agreement negotiated between Defendant and the Department
7   of Education ("Settlement Agreement")] did not constitute an
8   'election' of an 'alternate remedy' by the 'Government' within the
9   meaning of the [False Claims Act ("FCA")], the Relators' action is not
10  moot."  (Order at 3:23-4:1.)  At issue is whether the Settlement
11  Agreement effectively settled the FCA claims in the pending action.
12       The Relators in the pending action point to language in the
13  Settlement Agreement which explicitly excluded the pending FCA claims
14  from the settlement.  (Relators' Opp'n to Def.'s Mot. for Interloc.
15  App. at 8.)  Therefore, Defendant has not shown that the Order
16  conflicts with either <u>Barajas</u> or <u>Bledsoe</u>.  In <u>Barajas</u>, the government
17  declined to intervene, but the Air Force subsequently entered into a
18  settlement agreement "for precisely the same problem" involved in that
19  <u>qui tam</u> action.  <u>Barajas</u>, 258 F.3d at 1011.  <u>Barajas</u> concluded that
20  "[u]nder the circumstances . . . construing [the settlement] as an
21  'alternate remedy' under the FCA [was] inconsistent with both the
22  plain language and the purpose of the statute."  <u>Id.</u> at 1013-14.
23  Additionally, in <u>Bledsoe</u> the court held that the settlement in that
24  <u>qui tam</u> action concerned "the same FCA claims," and therefore
25  constituted an "'alternate remedy' for purposes of 31 U.S.C.
26  § 3730(c)(5)."  <u>Bledsoe</u>, 342 F.3d at 649.
27  ///
28  ///

Since Defendant has not shown that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion, the motion is denied.

IT IS SO ORDERED.

Dated: January 7, 2008

```
_____
GARLAND E. BURRELL, JR.
United States District Judge
```