1   TIMOTHY J. HATCH, SBN 165369
    thatch@gibsondunn.com
2   JAMES ZELENAY, SBN 237339
    jzelenay@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, California 90071-3197
    Telephone: (213) 229-7000
5   Facsimile: (213) 229-7520

6   CHRISTY JOSEPH, SBN 136785
    cjoseph@swlaw.com
7   SNELL & WILMER LLP
    600 Anton Boulevard, Suite 1400
8   Costa Mesa, California 92626-7689
    Telephone:  (714) 427-7000
9   Facsimile:  (714) 427-7799

10  CHARLES J. STEVENS, SBN 106981
    cjs@stevensandoconnell.com
11  BRADLEY A. BENBROOK, SBN 177786
    bab@stevensandoconnell.com
12  STEVENS & O'CONNELL LLP
    400 Capital Mall, Suite 1400
13  Sacramento, CA  95814-4412
    Telephone: (916) 329-9111
14  Facsimile: (916) 329-9110

15
    Attorneys for Defendant,
16  UNIVERSITY OF PHOENIX

17              UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF CALIFORNIA
18

19  UNITED STATES OF AMERICA, ex rel.      CASE NO. CV-03-0457 GEB DAD
    MARY HENDOW and JULIE
20  ALBERTSON,                             **PROTECTIVE ORDER REGARDING
                                           PRIVILEGED, CONFIDENTIAL, AND
21              Plaintiff,                  HIGHLY CONFIDENTIAL
                                           INFORMATION**
22          v.

23  UNIVERSITY OF PHOENIX,

24              Defendant.

25

26

27

28

---

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY
CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

1

**ORDER**

2

Pending before the Court is Defendant University of Phoenix's Motion for a Protective

3

Order Regarding Privileged, Confidential, and Highly Confidential Information.

4

On August 27, 2007, Relators served on University of Phoenix ("Defendant" or "UOP")

5

their First Requests for Production of Documents which seek, among other things, "[a]ll

6

documents produced by Apollo Group, Inc. to [lead] plaintiff[] in the action entitled *In re

*Apollo Group, Inc. Securities Litigation*, CV 04-2147-PHX-JAT, pending in the United States

7

District Court for the District of Arizona." These documents include, among other things,

8

personnel files of current and former UOP employees containing private information, such as

9

the employee's social security number, employment reviews, and compensation information.

10

On October 5, 2007, Defendant moved for the Court to enter a protective order

11

regarding privileged, confidential, and highly confidential information. On November 7, 2007,

the Court denied that motion without prejudice. Thereafter, Defendant produced to Relators the

12

materials responsive to the stated request from their First Requests for Production of

13

Documents, subject to Relators having agreed to treat the materials as protected per the

14

provisions of the proposed protective order to which the parties had agreed, pending the Court's

15

entry of a protective order in this action.

16

On November 9, 2007, Relators served on UOP their Second Requests for Production of

17

Documents, which, among other things, seek production of additional documents from the

18

personnel files of certain of UOP's employees. In response, UOP agreed to produce – and has

produced – to Relators additional documents from certain UOP employee personnel files under

19

the same agreement as the documents produced in response to Relators' First Requests for

20

Production of Documents, where Relators have agreed to treat the documents produced as

21

protected per the provisions of the proposed protective order to which the parties have agreed,

22

pending the Court's entry of a protective order in this action.

23

The Court ORDERS that UOP produce to Relators the documents from the personnel

24

files that Apollo Group, Inc. produced to the plaintiff in the case of *In re Apollo Group, Inc.

*Securities Litigation*, as well as those documents from the personnel files that UOP stated it

25

would produce in response to Relators' Second Requests for Production of Documents.

26

The Court, however, also recognizes that a protective order is necessary to protect this

27

and other confidential and highly confidential information and to provide the parties with a

28

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY
CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

mechanism for avoiding a waiver of privilege or any other applicable protective evidentiary doctrine as a result of inadvertent disclosure.

Consequently, the Court ORDERS that UOP's production in response to Relators' First and Second Requests for Production of Documents, and all other discovery in this action, shall be governed by the following protective order:

**Protection of Privileged Information**

1.      Some of the documents and information that will be produced in this action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Information").

2.      The inadvertent disclosure of any document by either party in this action which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Information, and for which no express intention to affirmatively waive the privilege has been stated, shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return.

3.      Except in the event that the requesting party disputes the claim, any document which the producing party produced in this action and deems to contain inadvertently disclosed Privileged Information shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such documents.  In the event the producing party requests destruction, the requesting party shall provide written certification of compliance within 30 days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed information, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

4.      Any such Privileged Information inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

**Designation of Confidential Information**

5.      Any party may designate as Confidential any document or response to discovery which that party considers in good faith to contain information involving trade secrets, confidential business or financial information, or any other confidential or proprietary information that is subject to protection under federal law or any applicable state law ("Confidential Information").  Any party may designate any document or discovery response as Confidential Information pursuant to this Order by stamping the relevant page with the designation "Confidential."

6.      Except with the prior written consent of the party originally designating a document or discovery response as Confidential, or as hereinafter provided under this Order, Confidential Information may not be disclosed to any person not associated with this action, including, but not limited to, any party, law firm, or their agents involved in other litigation with Defendant or Apollo Group, Inc.   Documents or information designated as Confidential Information may be used solely for the purpose of this litigation.

**Permissible Disclosures of Confidential Information**

7.      Notwithstanding ¶ 6, Confidential Information shall not be disclosed to any person other than the following and only to the extent necessary for this litigation:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      Relators, Defendant, Defendant's representatives, Apollo Group, Inc., or Apollo Group, Inc.'s representatives to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall be provided a copy of this Order, be informed of its contents, and execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Confidential Information;

(e)      any authors or recipients of the Confidential Information;

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

1    (f)    any person to whom the Confidential Information belongs or relates;

2    (g)    the Court, Court personnel, and Court reporters; and

3    (h)    witnesses.  Prior to showing a witness (other than a person described in ¶¶ 7(e) or

4    (f)) Confidential Information, such witness shall be provided a copy of this Order, be informed

5    of its contents, and execute a copy of the Certification attached hereto as Exhibit A.  Witnesses

6    shown Confidential Information shall not be allowed to retain copies and shall not use the

7    Confidential Information for any purpose unrelated to this litigation.

8    (i)    Prior to any person being shown Confidential Information pursuant to ¶ 7 (other

9    than a person described in ¶¶ 7(e) or (f)), that person must be provided a copy of this Order and

10   be informed of its contents.  Any person receiving Confidential Information pursuant to ¶ 7

11   shall not reveal to or discuss such information with any person not entitled to receive such

12   information except as set forth herein.

13   **Objections to Confidential Information**

14   8.    In the event the non-designating party disagrees with the designation by the

15   producing party of any Confidential Information, the objecting party must notify the designating

16   party, in writing, of its objection that the designation does not comport with the standards set

17   forth in this Order.  If the parties fail to resolve such dispute informally within 14 days of the

18   objecting parties' written notice, the objecting party may file a motion with the Court within 28

19   days of the objecting parties' written notice, or make other informal application to the Court on

20   notice to all parties, to determine the propriety of the designation.

21   9.    The information designated as Confidential that is the subject of such motion or

22   informal application shall be treated in accordance with its confidential designation pending the

23   Court's decision on the motion, and any appeals or writs from the Court's decision.   The

24   designating party bears the burden of proof that such information is in fact confidential.

25   **Confidential Information in Depositions**

26   10.    A party may designate information disclosed during a deposition or in response

27   to written discovery as Confidential Information by so indicating in said responses or on the

28   record at the deposition and requesting the preparation of a separate transcript of such material.

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY
CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

1   Additionally, a party may designate in writing, within 20 days after receipt of said responses or

2   of the deposition transcript for which the designation is proposed, that specific pages of the

3   transcript and/or specific responses be treated as Confidential Information.  All deposition

4   transcripts shall be treated as Confidential for 20 days after all parties have received such

5   deposition transcripts to allow time for the parties to make their Confidential designations.  Any

6   other party may object to such proposal, in writing or on the record.  Upon such objection, the

7   parties shall follow the procedures described in ¶¶ 8-9 above.  After any designation made

8   according to the procedure set forth in this paragraph, the designated information shall be

9   treated according to the designation until the matter is resolved according to the procedures

10   described in ¶¶ 8-9 above, and counsel for all parties shall be responsible for marking all

11   previously unmarked copies of the designated material in their possession or control with the

12   specified designation.

13        11.   Any witness or other person, firm, or entity from which discovery is sought in

14   this action may be informed of and may obtain the same protection outlined in ¶ 10 by written

15   advice to the parties' respective counsel or by oral advice at the time of any deposition or similar

16   proceeding.

17   **Confidential Information at Trial or Court Hearing**

18        12.   Subject to the Federal Rules of Evidence, Confidential Information, including

19   that contained in the report of an expert or consultant, may be offered in evidence at trial or any

20   court hearing provided that the proponent of the evidence gives counsel for the designating

21   party sufficient advance notice to allow that party to move the Court, prior to the evidence being

22   offered in evidence, for an order that the evidence be received *in camera*, be redacted, or be

23   received under other conditions to prevent unnecessary disclosure.  Any party may make a

24   similar motion.  The Court will then determine whether the proffered evidence should continue

25   to be treated as Confidential and, if so, what protection, if any, may be afforded to such

26   evidence at the trial or court hearing.  With respect to impeachment or rebuttal evidence, the

27   party intending to introduce the evidence need not disclose the substance of the Confidential

28   Information it is intending to introduce.  Rather, the offering party need only raise the general

5

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY
CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

1  type of Confidential Information at issue so the parties and the Court can determine the

2  appropriate protection to afford the Confidential Information at trial or court hearing.

3  **Highly Confidential Information**

4        13.     On August 24, 2007, Relators served on UOP their First Requests for Production

5  of Documents, seeking, among other things, "[a]ll documents produced by Apollo Group, Inc.

6  to plaintiffs in the action entitled *In re Apollo Group, Inc. Securities Litigation*, CV 04-2147-

7  PHX-JAT," including those personnel files of current or former UOP employees that Apollo

8  Group, Inc. produced as part of that action.  Thereafter, UOP produced these materials to

9  Relators, subject to Relators having agreed to treat the materials as protected per the provisions

10  of the proposed protective order to which UOP and Relators had agreed, pending the Court's

11  entry of a protective order in this action.  On November 9, 2007, Relators served on UOP their

12  Second Requests for Production of Documents, which, among other things, seek production of

13  additional documents from the personnel files of certain of UOP's employees.  In response,

14  UOP agreed to produce – and has produced – to Relators additional documents from certain

15  UOP employee personnel files under the same agreement as the documents produced in

16  response to Relators' First Requests for Production of Documents, where Relators have agreed

17  to treat the documents produced as protected per the provisions of the proposed protective order

18  to which the parties have agreed, pending the Court's entry of a protective order in this action.

19        14.     Defendant has informed Relators' counsel that these personnel files of current

20  and former UOP employees contain highly confidential information protected by various state

21  and federal privacy laws.  These files, for instance, contain employees' employment reviews,

22  compensation information, and their social security numbers and home addresses.  Defendant

23  has informed Relators that many of the personnel files requested, for example, relate to

24  employees who work or worked in California and are protected by California's privacy laws,

25  including California's requirement that litigants provide notice to third-parties when their

26  confidential or personal information is requested pursuant to litigation.

27        15.     Defendant contends that California and other state laws are not applicable to the

28  parties' disclosure and discovery obligations in this case because this litigation involves a

6

1   federal court action alleging federal causes of action.  *See, e.g., Grinzi v. Barnes*, 2004 U.S.

2   Dist. LEXIS 20979, *2-3 (N.D. Cal. 2004) ("California law is inapplicable to disclosure and

3   discovery obligations in a federal court action alleging federal causes of action.").  Nonetheless,

4   Defendant is cognizant of the personal and highly confidential nature of the personnel files and

5   other employee information contained in the requested documents, and anticipates that

6   additional highly confidential information may be requested during the course of this litigation.

7          16.     Due to the private and highly confidential nature of these materials, a Court

8   Order requiring that the documents or information be produced under a "Highly Confidential"

9   designation is appropriate.  *See, e.g., Knoll v. American Telephone & Telegraph*, 176 F.3d 359,

10  365 (6th Cir. 1999) (granting protective order "as a means of protecting the privacy interests of

11  nonparties while yet serving the needs of litigation . . . . ").

12         17.     Any party may designate as Highly Confidential the personnel files that have or

13  shall be requested in this litigation, as well as any document or response to discovery which that

14  party considers in good faith to contain Highly Confidential information because it identifies,

15  among other things, the social securities numbers, residences, personal telephone numbers, or

16  salary and compensation histories of current or former employees of Apollo Group, Inc. or its

17  subsidiaries.

18         18.     The parties may designate documents or information Highly Confidential by

19  stamping the relevant page with the designation "Highly Confidential."

20  **Permissible Disclosures of Highly Confidential Information**

21         19.      Except with the prior written consent of the party originally designating a

22  document or discovery response as Highly Confidential, or as hereinafter provided under this

23  Order, Highly Confidential Information may not be disclosed to any person not associated with

24  this action, including, but not limited to, any party, law firm, or their agents involved in other

25  litigation with Defendant or Apollo Group, Inc.   Documents or information designated as

26  Highly Confidential Information may be used solely for purposes of this litigation.

27

28

7

20.     Notwithstanding ¶ 19, information or documents designated Highly Confidential shall not be disclosed to any person other than the following and only to the extent necessary for this litigation:

(a)     counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)     employees of such counsel;

(c)     Relators, provided that they are provided a copy of this Order, are informed of its contents, and execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Highly Confidential Information, and disclosure is deemed necessary by counsel for the prosecution of this action;

(d)     Defendant, Defendant's representatives, Apollo Group, Inc., or Apollo Group, Inc.'s representatives to the extent deemed necessary by counsel for the defense of this litigation;

(e)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall be provided a copy of this Order, be informed of its contents, and execute a copy of the certification annexed to this Order as Exhibit A before being shown or given any Highly Confidential Information.  Additionally, although material designated Highly Confidential may be reviewed by the parties' consultants or experts without redaction, any report rendered by such expert or consultant that is utilized in the course of any deposition in this action shall redact the information set forth in ¶ 20(i) below;

(f)     any authors or recipients of the Highly Confidential Information;

(g)     any person to whom the Highly Confidential Information belongs or relates;

(h)     the Court, Court personnel, and Court reporters; and

(i)     any witness (other than a person described in ¶¶ 20(f) or (g)) provided that prior to showing such witness Highly Confidential Information, such witness shall be provided a copy of this Order, be informed of its contents, and execute a copy of the Certification attached hereto as Exhibit A.  Witnesses shown Highly Confidential Information shall not be allowed to retain copies and shall not use the Highly Confidential Information for any purpose unrelated to

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

this litigation.  Additionally, material designated Highly Confidential shall not be disclosed to witnesses (other than those identified in ¶¶ 20(f) or (g)) without first redacting information that may allow the witness to identify the individual whose personal and highly sensitive information is being viewed.  This is necessary in order to protect the privacy interests of those employees whose information is found in the Highly Confidential Information.  Otherwise, these witnesses would inappropriately be able to identify the individual whose highly personal information (including salary and employment reviews) was being viewed.  Courts consistently and regularly limit the disclosure of such private and very personal information.  *See, e.g.*, *Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999) (affirming court's decision to limit access to personnel files of non-party employees of defendant solely to plaintiff's counsel because "personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims").  Accordingly, material designated Highly Confidential shall not be disclosed to any witness (other than those identified in ¶¶ 20(f) or (g)) without first redacting the following information:

  1.  name;

  2.  social security number;

  3.  home addresses and telephone numbers;

  4.  names, addresses, telephone numbers and other identifying information for next of kin;

  5.  beneficiary information;

  6.  marital status;

  7.  bank account information;

  8.  emergency contact information;

  9.  names, addresses, telephone numbers and other identifying information for any references;

9

10. names, addresses, telephone numbers and other identifying information

for any friends or relatives;

11. criminal records;

12. military records; and

13. any additional information, other than salary or compensation

information, that may reasonably be construed as allowing the witness or

deponent to identify to whom the Highly Confidential Information

relates.  This category includes, but is not limited to, information such as

email addresses, driver's license numbers, prior work history, etc.

(j)     Prior to any person being shown Highly Confidential Information pursuant to ¶ 20 (other than a person described in ¶¶ 20(f) or (g)), that person must be provided a copy of this Order and be informed of its contents.  Any person receiving Highly Confidential Information pursuant to ¶ 20 shall not reveal or discuss such information to or with any person not entitled to receive such information except as set forth herein.

**Highly Confidential Information in Depositions**

21.     Subject to the provisions above, material designated Highly Confidential may not be disclosed during deposition without first redacting the information described in ¶ 20(i) above.  During the course of deposition, to the extent redacted documents are required to be used, the party that utilizes the redacted documents during any questioning at deposition shall, immediately prior to the use of any such document, provide the opposing party with both a redacted and un-redacted version of the document.  Subject to the provisions above, an unredacted document containing Highly Confidential Information may be disclosed during deposition only by agreement of the parties or by order of the Court.  One or both of the parties may provide another proposal to the Court at a later time to modify this Order should this provision be deemed unworkable.

**Highly Confidential Information at Trial or Court Hearing**

22.     Subject to the Federal Rules of Evidence, Highly Confidential Information, including that contained in the report of an expert or consultant, may be offered in evidence at trial or any court hearing provided that the proponent of the evidence gives counsel for the

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

designating party sufficient advance notice to allow that party to move the Court, prior to the evidence being offered in evidence, for an order that the evidence be received *in camera*, be redacted, or be received under other conditions to prevent unnecessary disclosure.  Any party may make a similar motion.  The Court will then determine whether the proffered evidence should continue to be treated as Highly Confidential and, if so, what protection, if any, may be afforded to such evidence at the trial or court hearing.  With respect to impeachment or rebuttal evidence, the party intending to introduce the evidence need not disclose the substance of the Highly Confidential Information it is intending to introduce.  Rather, the offering party need only raise the general type of Highly Confidential Information at issue so the parties and the Court can determine the appropriate protection to afford the Highly Confidential Information at trial or court hearing.

**Objections to Highly Confidential Information**

23.     The procedures relating to challenging a designation of Highly Confidential and designating deposition testimony as Highly Confidential shall be the same as those set forth in ¶¶ 8-11 of this Order.

**Protected Student Information**

24.     Some of the documents requested in this litigation may contain personal and private student information protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA").   Pursuant to FERPA, production of such documents in unredacted form may require that notice be given to each and every individual student prior to production.  To avoid such delay, the producing party shall redact personal identifying information on any student records prior to producing the requested documents in order to safeguard the privacy of the student information.  If it becomes necessary for the parties to produce unredacted versions of these documents, the parties shall meet and confer to determine how best to resolve the matter.

**Inadvertent Disclosure of Confidential or Highly Confidential Information**

25.     In the event that a party inadvertently discloses Confidential or Highly Confidential Information without the proper designation, that party may request confidential treatment of such information or documents by submitting written notice to opposing counsel within 10 days of discovery of the inadvertent disclosure.  Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

1   their possession or control or in the possession or control of any persons identified in ¶¶ 7 or 20

2   to whom they have disclosed such copies.

3   **Subpoena by Other Courts or Agencies of Confidential or Highly Confidential**

4   **Information**

5         26.    If at any time any Confidential or Highly Confidential Information governed by

6   this Order is subpoenaed by a Court, administrative or legislative body, or by any other person

7   or entity purporting to have authority to require the production of such information, the person

8   to whom the subpoena is directed shall immediately give written notice thereof to any person

9   which has designated Confidential or Highly Confidential Information.  After receipt of the

10  notice specified under this paragraph, the person seeking to maintain confidentiality shall have

11  the sole responsibility for obtaining any order it believes necessary to prevent disclosure of

12  Confidential or Highly Confidential Information.  Unless a court orders otherwise, the person to

13  whom the subpoena is directed shall not produce any Confidential or Highly Confidential

14  Information until the person seeking to maintain confidentiality has had an opportunity to seek

15  an appropriate order.  If the person seeking to maintain confidentiality does not move for a

16  protective order within the time allowed for production by the subpoena (or within such time as

17  a court may direct or as may be agreed upon between the designating person and the

18  subpoenaing party) and give written notice of such motion to the subpoenaing party and the

19  person to whom the subpoena is directed, the person to whom the subpoena or other request is

20  directed may commence production in response thereto.  The person to whom the subpoena is

21  directed shall not produce any Confidential or Highly Confidential Information while a motion

22  for a protective order brought pursuant to this paragraph is pending, or while any appeal from or

23  request for appellate review of such motion is pending, unless ordered by a court to do so.

24  **Filing of Confidential or Highly Confidential Information**

25        27.    No documents shall be filed under seal or with redactions beyond those provided

26  by the Local Rules without prior approval by the Court.  Where such approval is required, the

27  parties shall follow the Local Rules or any other applicable procedure.

28

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

28.     The parties shall, at an appropriate time, meet and confer regarding whether it is necessary for documents containing certain general categories of Confidential or Highly Confidential Information to be filed under seal or to be filed with redactions beyond those provided for in the Local Rules.  If the parties agree that it is not necessary, no request for such relief shall be made.  If the parties agree that it is necessary, they shall seek such relief from the Court.  If the parties disagree as to whether it is necessary, the party arguing that such is necessary shall seek relief from the Court.  The parties shall meet and confer pursuant to this paragraph whenever they deem appropriate.  If the parties have not met and conferred pursuant to this paragraph regarding a particular general category of Confidential or Highly Confidential Information, they shall, at the least, provide the opposing party at least 72 hours notice of their intent to file documents containing such information, in order to provide the opposing party an opportunity to seek any necessary relief.

**Non-Termination**

29.     All provisions of this Order restricting the communications or use of Confidential or Highly Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential or Highly Confidential Information, other than that which is contained in unsealed pleadings, correspondence and deposition transcripts, shall either (a) return such Confidential or Highly Confidential Information no later than 30 days after conclusion of this action to counsel for the party who provided such Confidential or Highly Confidential Information, or (b) destroy such Confidential or Highly Confidential Information within 30 days upon consent of the party who provided the Confidential or Highly Confidential Information and certify in writing within 30 days that the Confidential or Highly Confidential Information has been destroyed.

**Modification Permitted**

30.     Nothing in this Order shall prevent any party from seeking modification of the terms of this Order or from objecting to discovery that it believes to be otherwise improper.

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD

**Responsibility of Attorneys**

31.     The counsel for the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to and distribution of copies of Confidential or Highly Confidential Information.

32.     Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any Confidential or Highly Confidential Information.

IT IS SO ORDERED.

DATED:  April 14, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/hendow0457.protord

14

**EXHIBIT A**

I, _____ , state under penalty of perjury that I have read the Protective Order Regarding Privileged, Confidential, and Highly Confidential Information dated _____, 2008 ("Protective Order"), in connection with *United States of America ex rel. Mary Hendow and Julie Albertson  v. University of Phoenix*, Case No. CV-03-0457 GEB DAD, and that I understand that Confidential and/or Highly Confidential Information is being provided to me pursuant to the terms of that Protective Order.  I agree to be bound by that Protective Order and (a) to submit myself to the jurisdiction of the U.S. District Court, Eastern District of California, or (b) if I am not a resident of the portion of California covered by that Court, to submit myself to the jurisdiction of the U.S. District Court covering the place where I reside, for the enforcement of the Protective Order.

DATED: _____

_____
SIGNATURE

**[PROPOSED] PROTECTIVE ORDER REGARDING PRIVILEGED, CONFIDENTIAL, AND HIGHLY CONFIDENTIAL INFORMATION**, Case No. CIV. S-03-0457 GEB DAD