TIMOTHY J. HATCH, SBN 165369
thatch@gibsondunn.com
JAMES L. ZELENAY, SBN 237339
jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

WAYNE W. SMITH, SBN 54593
wsmith@gibsondunn.com
JARED M. TOFFER, SBN 223139
jtoffer@gibsondunn.com
KRISTOPHER P. DIULIO, SBN 229399
kdiulio@gibsondunn.com
JESSICA A. TAGGART, SBN 240575
jtaggart@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendant,
UNIVERSITY OF PHOENIX

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel. MARY HENDOW and JULIE ALBERTSON,

Plaintiff,

v.

UNIVERSITY OF PHOENIX,

Defendant.

CASE NO. CV-03-0457 GEB DAD

**DECLARATION OF KRISTOPHER P. DIULIO IN SUPPORT OF DEFENDANT'S OPPOSITION TO RELATORS' MOTION TO COMPEL**

I, Kristopher P. Diulio, declare that:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I am an attorney licensed in the State of California and admitted to practice before the United States District Court for the Eastern District of California. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP and I am one of the attorneys of record for Defendant University of Phoenix ("University").

3. In this action, University has produced to Relators over 1,163,062 pages of documents responsive to Relators' requests. University continues to process and review documents for the current discovery period (1997 through March 31, 2005) and expects to produce a significant number of addition documents to Relators without any extension of the discovery period.

4. Prior to this action, University collected, reviewed and produced documents in a securities action that was pending in the District of Arizona against University's parent, Apollo Group, Inc ("Apollo"). Discovery in that matter concerned some similar topics as discovery in this action. Because of the similarities, the discovery burden in the securities action is instructive when estimating the potential burden to University in this action. In the securities action, Apollo produced over 900,000 pages for a much shorter time period than is at issue in this action, 2002-2004. To produce those pages in the securities action, Apollo had to review millions more pages of documents. A similar effort and costs would be expected for any additional discovery periods that University is required to respond to.

5. University produced to Relators the bulk of the documents produced in the securities action. In addition, University collected and reviewed additional documents for production to Relators. In this action alone, University's attorneys have already spent over 4,000 hours reviewing over 384,000 documents for relevance and privilege—and this review is not yet complete. In addition, University has incurred costs in this action of approximately $1.25 million—beyond the costs incurred in the securities action—relating just to the collection, review, and processing of documents.

6. Specifically, in this action, University has already agreed to search electronic data from 38 principal custodians and select data from hundreds of additional custodians from Northern California and Online. In reviewing this electronic data, Relators proposed and University agreed to employ over 120 search terms.

7. In support of their motion to extend the discovery period, Relators submit a single document that was produced by University. This document, Bates labeled QTAPOL000156903-000156904, was produced to Relators on November 27, 2007—before Relators first moved to extend the discovery period.

8. Attached as Exhibit 1 is a true and correct copy of University's June 2004 EC compensation plan.

9. Attached as Exhibit 2 is a true and correct copy of a PowerPoint presentation from early 2004 entitled "Enrollment Department Enhancements."

10. Attached as Exhibit 3 are true and correct copies of the minutes from meetings of the EC Compensation Committee from July 2003 to May 2004.

11. Attached as Exhibit 4 is a true and correct copy of the Declaration of Diane Thompson.

12. Attached as Exhibit 5 is a true and correct copy of the executed Settlement Agreement between Apollo and the DOE resolving the program review.

13. Attached as Exhibit 6 is a true and correct copy of an Order of the United States District Court for the Northern District of California, concerning a discovery dispute between Apollo and Relators in the case of *In re Apollo Group, Inc. Sec. Litig.*, No. C 06-80270 MISC PVT (N.D. Cal. Sept. 25, 2006) (tentatively granting motion to quash).

14. Attached as Exhibit 7 are true and correct excerpts from the January 25, 2007 deposition of Karen Matthews.

15. Attached as Exhibit 8 is a true and correct copy of The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Second Edition, Comment 13.a (The Sedona Conference Working Group Series, June 2007), *available at* http://www.thesedonaconference.org/content/miscFiles/TSC_PRINCP_2nd_ed_607.pdf.

16. Attached as Exhibit 9 is a true and correct copy of the Slip Opinion from the case entitled *United States ex rel. Bott v. Silicon Valley Colleges*, No. 06-15423 (9th Cir. Jan. 4, 2008).

17. Attached as Exhibit 10 is a true and correct copy of Relators' May 27, 2008 Privilege Log.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 26, 2008, in Irvine, California.

Kristopher P. Diulio