IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARY HENDOW and JULIE ALBERTSON<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PHOENIX,<br><br>Defendant. | 2:03-cv-0457-GEB-DAD<br><br>ORDER |

On April 10, 2009, Relators Mary Hendow and Julie Anderson (collectively "Relators") filed a motion to seal "[p]ortions of [Defendant's] Memorandum of Points and Authorities in Support of [Defendant's] Motion to Dismiss for Lack of [Subject Matter] Jurisdiction [('Defendant's Memorandum')]." The Relators have not submitted this document for in camera review as prescribed under L.R. 39-141; however, it seems the Relators intend for the court to conduct in camera review of an unredacted version of Defendant's Memorandum contained in courtesy copies submitted by Defendant. However, the Relators have not shown how this unredacted version of Defendant's

1

Memorandum differs from the version filed on the public docket. This should have been made clear so that the Court could readily see what the Relators desired to be sealed; for example, the Relators could have bolded those redacted portions in the unredacted brief.

The Relators also move to file Exhibit H under seal, which is offered in support of Defendant's motion to dismiss. The parties appear to dispute whether Exhibit H is a discoverable document which could be used in support of Defendant's pending dismissal motion, or at trial should that motion be denied. If this is the dispute, it should be resolved before the judge assigned the responsibility for deciding discovery disputes under L.R. 72-302(c)(1). Since the Relators appear to argue Exhibit H should never have been given to Defendant and is inadmissible work product, it is unclear why this apparent discovery issue has not been resolved, or why this document should be sealed when the Relators seem to argue it should not be used by Defendant. Further, even if all or some portion of Exhibit H is ultimately found admissible for some purpose, it is questionable whether the whole exhibit has to be sealed, as opposed to some part thereof.

Moreover, the Relator's move to seal portions of Defendant's Memorandum and Exhibit H under the incorrect "good cause" standard. "[C]ompelling reasons must be shown to seal judicial records attached to a dispositive motion," such as Defendant's pending dismissal motion. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006)(internal quotations omitted). Although the Relators argue the less stringent "good cause" standard has previously been found to justify sealing Exhibit H, "[t]he 'compelling reasons' standard is invoked even [when] the [attachment to the dispositive

motion was] previously filed under seal or protective order." Id. at 1179 (internal citation omitted).

Since it has not been shown under the applicable standard that these documents should be sealed, the motion for a sealing order is denied. Therefore, chambers will remove the documents involved with the sealing request from Defendant's courtesy copies and will have the Clerk of the Court to return those documents to Defendant's counsel. See United States v. Baez-Alcaino, 718 F. Supp. 1503, 1506 (M.D. Fla. 1989) (explaining that when a judge decides in camera that a document has not been shown appropriate for sealing, the document should be returned to the submitting party, who may then decide what to do).

Lastly, I should not have to spend time deducing what documents were filed in conjunction with a sealing motion and are intended by a party to be reviewed in camera. In the future, the parties shall clearly designate what documents are for in camera review and what documents are courtesy copies. Further, the applicable sealing standard should be discussed.

Dated: April 17, 2009

GARLAND E. BURRELL, JR.
United States District Judge