1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA, ex rel.  )
    MARY HENDOW and JULIA ALBERTSON    )
12                                     )
                     Plaintiffs,       )   2:03-cv-0457-GEB-DAD
13                                     )
               v.                      )   ORDER*
14                                     )
    UNIVERSITY OF PHOENIX,             )
15                                     )
                     Defendant.        )
16  _____   )

17         Defendant moves for an order disqualifying Plaintiffs'

18  lawyers based on the contention that Plaintiffs' lawyers had unethical

19  ex parte communications with some of Defendant's employees.  Defendant

20  also seeks an order excluding evidence Plaintiffs' lawyers obtained

21  during the referenced communications.  Plaintiffs oppose the motion.

22                              DISCUSSION

23         Eastern District of California Local Rule 83-180(e)

24  prescribes in pertinent part that "the Rules of Professional Conduct

25  of the State Bar of California and decisions of any Court applicable

26  thereto . . ." govern the "standards of professional conduct in this

27  _____

28      *    This matter was determined to be suitable for decision without
    oral argument.  E.D. Cal. R. 78-230(h).

                                    1

1    Court."  E.D. Cal. 83-180(e).  Rule 2-100(B)(2) of the Rules of

2    Professional Conduct of the State Bar of California prohibits ex parte

3    communications with a represented party who is "an employee of [a]

4    corporation . . . if the *subject of the communication is any act or*

5    *omission of [the employee]* in connection with the matter which may be

6    binding upon or imputed to the organization for purposes of civil or

7    criminal liability" (emphasis added).  However,

8            [R]ule 2-100 does not bar contact with all
9            corporate employees. For example, it is possible
             in any given case that a corporate officer or
10           director covered by rule 2-100 may not be privy to
             information protected by the attorney-client
11           privilege, while a lower level employee who is not
             shielded from contact under rule 2-100 may be in
12           *possession of substantial privileged information*.
             However, this does not enable corporate counsel to
13           automatically assert the privilege as to every
             corporate employee and on that basis enjoin
14           opposing counsel from any and all contact with
             employees not covered by rule 2-100.

15

16   La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court

17   121 Cal.App.4th 773, 787 (Cal. Ct. App. 2004) citing Triple A Machine

18   Shop, Inc. v. State of California, 213 Cal.App.3d 131, 143 (Cal. Ct.

19   App. 1989) (emphasis added).

20           Defendant's opening brief lists 16 lower level employees

21   with whom Defendant argues Plaintiffs' counsel communicated in

22   violation of Rule 2-100(B)(2).  Defendant only discusses five of the

23   16 listed employees in this brief: Steve Brodale, Thomas Corbett,

24   Charlotte Gould, Nicolas Huff, and David King.  (Def's Mot. 5-7, 9,

25   11-12.)  Defendant's evidence concerning Plaintiffs' counsel's alleged

26   improper communication with Nicolas Huff and David King simply

27   consists of Defendant's summary of Plaintiffs' discovery privilege

28   log, in which Plaintiffs lists the dates when the alleged

communications took place.  This summary is insufficient to show a violation of Rule 2-100(B)(2).

Defendant also argues Plaintiffs' lawyers violated Rule 2-100(B)(2) when they had ex parte communications with Charlotte Gould ("Gould").  Defendant relies on its summarized version of Plaintiffs' discovery privilege log as support for this argument, Gould's deposition testimony given on December 9, 2008, and a declaration from Matthew Mitchell, Vice President of Human Resources Legal Services for the Apollo Group, Inc. (Defendant's parent company).  The following Gould deposition testimony is at issue: "there was one memo that I had read through that I had sent to [Plaintiffs' counsel] Nancy Krop in December of '04, I believe it was, just to refresh my memory.  It's been several years since I worked at the San Jose campus."  (Dep. of Charlotte Gould 16:18-22.)  Gould further testified that the memo to Nancy Krop "outlin[ed] the events of my employment . . . when I was in the San Jose campus."  (Dep. of Gould 17:2-3.)

Plaintiffs counter with Gould's subsequent declaration in which Gould declares that when she was deposed on December 9, 2008, she "did not have [her] records" and that the attorney who in fact contacted her in 2004 was an attorney for the Defendant, not Plaintiffs' counsel.  (Decl. of Gould ¶¶ 5-7.)  Gould declares that her "first contact with Ms. Krop was in July 2005."  (Decl. of Gould ¶ 6.)

Defendant argues in its reply brief that "[g]iven the timing and circumstances surrounding Ms. Gould's declaration, and Relators' counsel's interest in having Ms. Gould change her testimony, Ms. Gould's declaration is simply not credible and this Court should

1  disregard it." (Def.'s Reply 13:17-20)  This record, however, does not

2  show a violation of Rule 2-100(B)(2).

3        Defendant also argues it has "reason to believe" Steve

4  Brodale ("Brodale") was contacted by Plaintiffs' counsel in violation

5  of Rule 2-100(B)(2), and that Plaintiffs' counsel said they would not

6  call this witness at trial "if the University would refrain from

7  further pursuing the issue of [the] improper contacts."  (Def's Mot.

8  8:28-9:3; Ex. K to Def's Mot., Letter from Robert Nelson, March 11,

9  2009.)  Defendant indicates that Plaintiffs' counsel's offer not to

10 call Brodale at trial reveals Plaintiffs' counsel concedes they had

11 unethical communications with Brodale.  Further, Defendant submits a

12 letter from Robert Nelson, one of Plaintiffs' lawyers, in which Robert

13 Nelson states the subject of the communication with Brodale concerned

14 Brodale's attempt to have Plaintiffs' counsel represent him.  (Decl.

15 of Robert Nelson in support of Pl.'s Opp'n ¶ 3; Ex. A to Pl.'s Opp'n.)

16 Defendant's opening brief does not provide any evidence contradicting

17 Plaintiffs' position that this was the extent of the communication

18 between Plaintiffs' counsel and Brodale.   Thus, again, Defendant

19 fails to show a violation of Rule 2-100(B)(2).

20        Lastly, Defendant argues Plaintiffs' counsel violated the ex

21 parte rule by communicating with Thomas Corbett ("Corbett").

22 Plaintiffs and Defendant both rely on Corbett's deposition testimony,

23 in which Corbett testified he communicated with Plaintiffs' counsel

24 while on "leave status" and that the subject matter of this contact

25 concerned Plaintiffs' counsel's instruction to Corbett that Corbett

26 contact Plaintiffs' counsel after Corbett officially ceased being

27 employed by Defendant.  (Dep. of Corbett at 33:25-34:23.)  Plaintiffs

28 also provide a declaration from Nancy Krop, one of their attorneys, in

4

1 which she declares that "substantive discussions [concerning UOP's

2 practice of unlawfully paying commissions, bonuses, and other

3 incentive payments to enrollment counselors based upon the number of

4 students . . . enrolled] did not occur [with Corbett] until after Mr.

5 Corbett had become a former employee."  (Decl. of Nancy G. Krop in

6 support of Pl.'s Opp'n ¶ 14.)  Defendant also argues in its reply that

7 Plaintiffs "revised" their privilege log to show Nancy Krop "as the

8 sender of all communications to Mr. Corbett" and "to add two letters

9 involving Mr. Corbett," which "pre-date the e-mails on the earlier

10 version of the privilege log," and which show that one letter was sent

11 "from Mr. Corbett to Ms. Krop." (Def.'s Reply 15: 1-8.)  This evidence

12 does not show a violation of Rule 2-100(B)(2).

13          Defendant filed a lengthy reply brief to Plaintiffs'

14 opposition brief which contained new authority and more facts

15 concerning Plaintiffs' counsel's alleged ex parte communications.

16 However, "[i]t is improper for a moving party to introduce new facts .

17 . . in the reply brief than those presented in the moving papers" when

18 those facts could have been presented in the opening brief.  Jones v.

19 Baltimore Life Ins. Co., No. Civ. S-06-1501 LKK/KJM, 2007 WL 1713250,

20 at *9 (E.D. Cal. June 12, 2007).  "It cannot seriously be disputed

21 that a movant is obligated to file with a motion the evidentiary

22 materials necessary to justify the relief it seeks." Spring

23 Industries, Inc. v. American Motorists Ins. Co., 137 F.R.D. 238, 239

24 (N.D. Tex. 1991).  The reply brief is not intended to be the brief

25 that shows for the first time the movant's evidentiary support for the

26 relief sought in the movant's opening brief.  Where a movant injects

27 evidence in a reply brief that should have been included in the

28 opening brief, the movant could fail to "affor[d] the nonmovant an

1  opportunity for further response." Id. at 240; c.f. Carmen v. San

2  Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001)

3  (discussing in a different context the situation where a party could

4  deny another party "a fair opportunity to address the matter in [a

5  brief]," and indicating that when a party receives notice and an

6  opportunity to be heard on the critical evidence, it might sometimes

7  show the inadequacy of the evidence, and that a party should not

8  engage in conduct tantamount to forcing "the court [to] hol[d] oral

9  argument" so that another party has an opportunity to address new

10  evidence.) Under such circumstances, the court has discretion to

11  "decline to consider" the new evidence.  Spring Industries, Inc., 137

12  F.R.D. at 240.  Since Defendant's opening brief failed to provide

13  Plaintiffs with a fair opportunity to address the factual information

14  contained in Defendant's reply brief, that evidence is not considered.

15                              CONCLUSION

16          Therefore, Defendant's motion to disqualify Plaintiffs'

17  counsel and to exclude the evidence and witness testimony is denied.

18

19  Dated:  August 24, 2009

20

21  _____

22  GARLAND E. BURRELL, JR.
    United States District Judge

23

24

25

26

27

28