IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. MARY HENDOW and JULIE ALBERTSON, | ) ) ) | |
| Plaintiffs, | ) ) | 2:03-cv-0457-GEB-DAD |
| v. | ) ) | <u>ORDER</u> |
| UNIVERSITY OF PHOENIX, | ) ) | |
| Defendant. | ) ) | |

On December 14, 2009, the University of Phoenix (the "University") and Relators Mary Hendow and Julie Albertson filed a "JOINT STIPULATION OF DISMISSAL AND [PROPOSED] ORDER," in which they request this action be dismissed "on account of the fact that [the parties] have entered into a settlement."  Relators and the University state "the Attorney General, through the [United States Department of Justice], consents to the dismissal of this action based on its determination that the settlement of this action is an appropriate resolution of the allegations propounded by the Relators and will relieve the United States of any further discovery costs and obligations."  Relators and the University further state "the Court must . . . give written consent to the dismissal and its reasons for

consenting in order to properly effectuate dismissal under the False Claims Act, 31 U.S.C. § 3730(b)(1)." However, neither party has provided information regarding any settlement term. The Relators and the University indicate that the fact that the parties have settled this case, in and of itself, "constitutes sufficient reason for the Court to consent to dismissal of th[e] case" under Section 3730(b)(1).

However, "[t]he Ninth Circuit has held that the consent provision contained in § 3730(b)(1) applies only during the initial sixty-day (or extended) period when the government investigates relator's [False Claims Act] allegations and determines whether to intervene." United States v. Premera Blue Cross, No. C01-0476MJP, 2007 WL 1461165, at *1 (W.D. Wash. May 1, 2007), citing U.S. ex. rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 722 (9th Cir.1994).

Despite the inapplicability of Section 3730(b)(1), "[t]he [False Claims Act requires] that the district court . . . approve a proposed settlement in a qui tam case . . . ." U.S. ex. rel. Sharma v. Univ. S. Cal., 217 F.3d 1141, 1143 (9th Cir. 2000). Since the Government declined to intervene in this action, 31 U.S.C. § 3730(d)(2) governs the settlement at issue. See Premera Blue Cross, 2007 WL 1461165, at *2. Section 3730(d)(2) provides:

> If the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds. Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

2

1  Since the parties have not shown that the
2 information they provided is sufficient to satisfy the
3 requirements of Section 3730(d)(2), the parties shall
4 provide sufficient information to justify the approval they
5 seek in a filing due, on or before December 21, 2009. It is
6 recognized that even in the situation presented here, where
7 "Counsel have not provided the settlement for the Court's
8 review[,] [i]t is possible that the Court could review the
9 reasonableness of the settlement agreement [under Section
10 3730(d)(2)] without being apprised of all of [the
11 settlement] terms." Premera Blue Cross, 2007 WL 1461165, at
12 *3.
13  Lastly, in light of the parties' representation
14 that this action has settled subject to the Court's
15 approval, the status hearing scheduled on December 21, 2009,
16 is continued to January 4, 2010, commencing at 9:00 a.m.

Dated: December 15, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge